# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **W.R.,**      * <br> A minor, by his mother      * <br> and next friend,      * <br> **WANDA RICHARDSON**      * <br> 4321 3RD Street S.E., #302      * <br> Washington, D.C. 20032      * <br>      * <br> and      * <br>      * <br> **WANDA RICHARDSON**      * <br> 4321 3RD Street S.E., #302      * <br> Washington, D.C. 20032      * <br>          Plaintiffs      * | **Civil Action No:** |

**W.R.,**                                          \*
A minor, by his mother                 \*
and next friend,                        \*
**WANDA RICHARDSON**          \*
4321 3RD Street S.E., #302         \*
Washington, D.C. 20032           \*
                                                   \*
and                                      \*
                                                   \*        **Civil Action No:**
**WANDA RICHARDSON**          \*
4321 3RD Street S.E., #302         \*
Washington, D.C. 20032           \*
                   Plaintiffs                \*
                                                   \*
           v.                                        \*
                                                   \*
DISTRICT OF COLUMBIA           \*
A municipal corporation,           \*
1350 Pennsylvania Ave., N.W.     \*
Washington, D.C. 20004           \*
                                                   \*
        Serve on:                      \*
        Attorney General of D.C.        \*
        One Judiciary Square             \*
        441 4th Street, N.W., Suite 600    \*
        Washington, D.C. 20001           \*
                                                   \*
        and                                  \*
                                                   \*
        Mayor Anthony Williams           \*
        Office of the Secretary             \*
        1350 Pennsylvania Avenue, Ste. 419 \*
        Washington, DC 20004             \*
                                                   \*
**CLIFFORD B. JANEY**                \*
The Superintendent,                 \*
District of Columbia Public Schools   \*
825 North Capitol Street, NE          \*
Washington, D.C. 20002             \*
                                                   \*
                   Defendants(s)              \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2. W.R. is a ten-year old child with disability in the custody of his mother, Wanda Richardson in the District of Columbia, and is not yet been determined eligible for services by DCPS pursuant to IDEIA and section 504. The mother brings this action on his behalf and in their own right.

3. The District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA and section 504.

4. Clifford B. Janey is the Superintendent of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate, public education and that their rights to equal protection of the law and due process of law are respected.

## FACTS

5. W.R. is a 10 year old student who was determined to need special education by Maryland but was not receiving special education and related services in DC while attending PR Harris,

Beers, Assumptions Catholic School (Assumptions) and now at Friendship Edison PCS. His Maryland IEP calls for 21% to 60% of his time out-of-general education setting.

6.      W.R. was attending Beers ES and was not progressing academically or emotionally, and then he attended Assumptions Catholic School and again was not progressing academically or emotionally.  He is now attending Friendship Edison Public Charter School for this 2006/2007 school year.  During his attendance at Assumptions Catholic School he continued to exhibit behavioral and academic problems.

7.      On 12/14/05, DCPS convened a MDT meeting at which time the team indicated that "[W.R.] is really struggling in school which impacts on his self-esteem.  Auditory processing is a problem.  He has difficulty following simple directions [,] organizing his work, and sequencing his thoughts.  [W.R] is in the 4th grade [and] did not start printing until the 3rd grade.  He writes like a 1st grader.  Reading appears to be on the first grade level."

8.      During the meeting on 12/14/05, the team also stated that "school referral speaks to his areas of weakness being in all subject areas with the exception of math.  He presents with a low self-esteem, low attention span, [and] mood swings and anger is often exhibited with temper tantrums."

9.      The 12/14/05 team also indicated that "[W.R.] plucks his ear until it bleeds, wanders off, and bangs on the table often. . . He was tak[ing] 27mg concerta & 50mg of Zoloft, and clodin at night to sleep (0.1mg).  He use to take adderol but he had side-effects.  [W.R.] was diagnosed with a disability since the age of 3 years old."

10.     On 07/13/04, DCPS completed a Social History Evaluation (SH) while he was attending Beers Elementary School (Beers) in DC. The SH found that he was diagnosed with multiple mental health problems (both his parents suffer from depression and bipolar disease), and he is taking . . . Abilify for his schizophrenia; Bupropion SR for his depression; Benztropine . . . and

3

Conerta for his ADHD and other behavioral problems. According to the SH, when he is supposed to be at recess in school he will just leave. He needs adult supervision at all times."

11. On 08/20/04 DCPS completed a psycho-educational evaluation. The evaluation found that "according to his teachers at Beers ES, [W.R.] is performing within the average range academically but his limited social skills impact his educational development. It has been reported that [W.R.] has mood swings which endangers both him and his classmates." The psycho-educational further found that he was evaluated on 12/14/99 at which time he was diagnosed with "Attention Deficit-Hyperactivity Disorder and Oppositional Defiant Disorder. The diagnosis of Bipolar Disorder was deferred at that time but the examiner suggested that may also be accurate given [W.R.'s] family history." The evaluation further recommended that a clinical psychological evaluation should be completed "to determine if his social-emotional functioning is having a negative impact on his achievement. . . [W.R.] should receive psycho-social counseling to address his negative classroom behaviors."

12. His report cards has him failing his classes and unsatisfactory in reference to his conduct. His report cards indicated that he was disruptive in class, easily distracted, not prepared for class and needs to improve on turning in his assignments and completing his work

13. According to the 12/12/05 Classroom Observation, [W.R.] could not sit still during class. He walked from seat to seat, rocked his desk back and forth, bothered a peer behind the classroom barrier, walked out of class, walked back in, went to trash can without permission, actively looked for something to pick up from the floor and picks a pencil off the floor, and pushed his foot against the classroom divider.

14. The 12/12/05 teacher referral/report states that "[W.R.] has severely unpredictable behaviors which greatly interferes with [W.R.'s] work and academic progress." The report also indicates that he has weakness in reading, written expression, some parts of math, visual motor coordination, social/emotional and attention/organization.

15.     On 01/09/06 DCPS completed a psychological report review. The report states that during the review of records, the school psychologist shared that W.R. was diagnosed with ADHD in 1999. The report indicates that a BASC-2 was completed and that a "clinically significant range suggest[s] a high level of maladjustment." The evaluation found that W.R.'s T-Score in hyperactivity, aggression, anxiety, and depression falls in the Clinically Significant range. His teacher reports that he is often restless, overactive, has difficulty controlling his impulse, displays aggressive behaviors, is argumentative, defiant and/or threatening to others, engages in rule-breaking behaviors, withdraws and he is pessimistic and sad.

16.     The psychological report continues by stating that suicidal tendencies should be explored and his learning problems are in the At Risk range which is classified as High in the adaptive scales category.

17.     As to his Self Report in the psychological report review, W.R. indicated that "even when I am alone I feel some one is watching me, I hear voices in my head that no one else can hear, [and] I worry when I go to bed at night."

18.     On 05/10/06 DCPS convened an eligibility meeting and the notes indicate that "according to the teacher, his grade level skills are below grade level. He has poor motor ability, spelling is poor as well as memory . . . His behaviors are out of control." The notes continue with that W.R. is taking concerta once a day before school and clonidiane at night since about 3 years old. However, he was not found eligible for services.

19.     On 06/05/06, the parent, through counsel filed a due process complaint notice charging DCPS of failure to adhere to the "child find" statute, failure to make an appropriate eligibility decision, failure to convene an IEP/MDT meeting, failure to provide him with an IEP, and appropriate placement, failure to provide the parent with an opportunity to participate in a placement meeting and failure to provide him with compensatory education for denial of FAPE for the past two years.

20. On 08/29/06, the due process hearing was convened. During the hearing, Dr. Derek Marryshow, a child development psychologist and a licensed school psychologist testified to the fact that due to the abundance of information DCPS had, there was enough information to make a determination as to eligibility. Dr. Marryshow testified to the fact that he has attended several IEP meetings and he worked for DCPS for four years. Dr. Marryshow further testified to the fact that due to W.R.'s documented out of control behavior and his visit with W.R, W.R. is a child in need of special education services as an ED student. Dr. Marryshow testified that because W.R.'s BASC-2 scores were mostly in the Clinically Significant range it was clear form documentation that he was a student who was in need of special education services. Dr. Marryshow further testified that there was no need to wait for any further documentation to make an eligibility determination and that if more information becomes available, a meeting could be held to review that new information.

21. During the hearing the mother testified that she could not provide any further information because she was homeless and living in a shelter and as a result, could not provide the requested information. The mother testified that during the 05/10/06 meeting, she informed Ms. Everett, DCPS' social worker and the team of her homelessness. The mother also testified to the fact that W.R. has not been evaluated since he was three years old and as a result, she did not have anything for the team.

22. During the hearing, the social worker testified on direct that she was not aware that the mother and child were homeless and as a result, did not have any further information to provide her. However, the social work evaluation completed by the said social worker on 02/09/06 clearly shows that she was aware of his homelessness because she referred to his emotional stability being impacted by among other things, his homelessness.

23. Ms. Rojas, DCPS' school psychologist testified that she did not observe the "out of control" behaviors that were observed by the teacher. However, the 01/09/06 psychological

evaluation that Ms. Rojas completed found the student to mostly score in the Clinically Significant range but yet testified opposite of her findings in her evaluation.

24. During that hearing, the Assumptions' social worker testified to the fact that she made the referral for special education. She testified that she has been seeing W.R. since he entered the school in the 3rd grade and that he has exhibited inappropriate behaviors that have impacted his academics.

25. On 09/14/06, the hearing officer issued an order dismissing the case premised on the fact that DCPS stated they needed more information. His determination was not based on the facts of the case but rather on DCPS' contention that they needed more information.

## COUNT I

26. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

27. Defendants' failure to provide plaintiff with a free, appropriate, public education violates plaintiffs' rights under the IDEIA and section 504.

## COUNT II

28. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

29. Defendants violated IDEIA and denied Plaintiffs due process when it failed to inform the parent of her due process rights.

## COUNT III

30. Plaintiff adopts and incorporates preceding paragraphs as if fully set forth herein.

31. Defendants violated IDEIA by not completing the evaluations within the appropriate timeframe as required under IDEIA and by violating the "child find" statute.

## COUNT IV

32. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

33. Defendants violated IDEIA by not making an appropriate eligibility determination.

## COUNT V

34. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

35. Defendants violated IDEIA by not providing W.R. with an appropriate placement for over two years.

## COUNT VI

36. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

37. Defendants violated IDEIA by not providing W.R. with appropriate special education and related services.

## COUNT VII

38. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

39. The Hearing Officer erred in relying on DCPS' testimony that was in direct contradiction to their evaluations.

## COUNT VIII

40. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

41. The Hearing Officer erred in ignoring the parent's testimony that she was homeless and as a result did not have information to provide the team.

## COUNT IX

42. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

43. The Hearing Officer erred in ignoring Dr. Derek Marryshow's testimony that the team did not need any further information to make an eligibility determination.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for plaintiffs and against defendants on all aforementioned counts;

2. Issue appropriate injunctive relief requiring defendants to issue a PNOP placing and funding W.R. at High Road for the remainder of the school year;

3. Issue an order awarding compensatory education to the plaintiff;

4. Order that September 14, 2006 Hearing Officer's Determinations be reversed, finding denial of a free, appropriate, public education by DCPS;

5. Award plaintiffs attorneys' fees and the costs of this action; and

6. Award any other and further relief the Court deems just and proper.

                              Respectfully submitted,
                              THE IWEANOGES' FIRM P.C.

                              By:___/Jude Iweanoge/_____
                              Jude C. Iweanoge, Bar #493241
                              1010 Vermont Avenue, NW, Suite 600
                              Washington, D.C. 20005
                              Phone: (202) 347-7026
                              Fax: (202) 347-7108
                              Email: jci@iweanogesfirm.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

06-2121
CKK

## I (a) PLAINTIFFS
Wanda Richardson, et. al.

11/09

## DEFENDANTS
District of Columbia, et. al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: LAND ATTO

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jude C. Iweanoge
The Iweanoges Firm
1010 Vermont Avenue, NW
Suite #600
Washington, DC 20005

CASE NUMBER   1:06CV02121

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Administrative Agency Rev

DATE STAMP: 12/13/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ⊙ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
- ⊗ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 USC 1415 (IDEA)

VII. REQUESTED IN COMPLAINT   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   JURY DEMAND: YES ☐  NO ⊗  Check YES only if demanded in complaint

VIII. RELATED CASE(S) IF ANY   (See instruction)   YES ☐   NO ⊠   If yes, please complete related case form.

DATE 12.13.06    SIGNATURE OF ATTORNEY OF RECORD  NOT SIGNED

---

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.