**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                                )
WANDA RICHARDSON,                          )
Mother and Next Friend of W.R., a Minor,   )
                                                                )
         Plaintiff,                                         )
                                                                )  Civil Action No. 06-2121 (CKK)
                    v.                                        )
                                                                )
DISTRICT OF COLUMBIA, et al.,              )
                                                                )
         Defendants.                                    )
_____ )

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO TREAT AS CONCEDED

The Defendants, by counsel and pursuant to the Court's minute order entered

February 8, 2008, reply herewith to the "Plaintiff's Response to Defendant's Motion to

Treat Their July 12, 2007 Motion for Summary Judgment as Conceded and/or in the

Alternative to Extend Time to File Opposition to Defendants' Motion for Summary

Judgment, " filed herein February 12, 2008 ("Response").

On January 25, 2008, the Defendants filed their motion to treat their July 12,

2007, motion for summary judgment as conceded.  As there explained, on April 24, 2007,

the Court had ordered a schedule jointly proposed by the parties, "[i]n order to administer

[this] case in a manner fair to the litigants and consistent with the parties' interest in

completing this litigation in the shortest possible time and at the least possible cost."

Scheduling and Procedures Order, p. 1.  The schedule required that summary judgment

motions be filed by July 12, 2007, that oppositions to those motions be filed by August

14, 2007, and that any replies be filed by August 29, 2007.  Id., p. 2.  The Court further

noted that it "will hold counsel responsible for following the directives set forth in this

order. Failure to conform to this order's directives may result, when appropriate, in the imposition of sanctions." Id., n. 2.

The Defendants filed their summary judgment motion on July 12. Plaintiff never filed her own summary judgment motion, and never opposed the Defendants' summary judgment motion. Accordingly, on January 25, 2008, the Defendants moved to have their summary judgment motion treated as conceded.

The Plaintiff's Response does not dispute the existence of the pleading schedule, nor that Plaintiff's counsel was aware of the schedule ordered, nor that the Plaintiff did not file a motion of her own and did not contest the Defendants' summary judgment motion. Nonetheless, now – some *eight months* after the deadline for filing summary judgment motions, and *seven months* after any opposition to the Defendants' summary judgment motion was due – the Plaintiff requests leave to file both a summary judgment motion and an opposition to Defendants' summary judgment motion – presumably as a part of denying the Defendants' motion to concede.

Nowhere does the Response even suggest that the Plaintiff was unable to timely file either a motion or an opposition pursuant to the ordered schedule. Neither is it even suggested that Plaintiff was unable to timely request any needed alteration of the schedule agreed to and ordered. Instead, the most that is offered is that "Plaintiff's counsel did not file its [sic] motion for summary judgment or opposition to defendant's motion because of developments after the entry of the scheduling order," and that a "process [of some sort of evaluation of the student] had started with Friendship [Public Charter School] which is its own Local Education Agency and Friendship was in the process of determining the student eligible for special education services." Response, pp.

2

1, 2. And nowhere is it even suggested that those (unclear and unexplained) considerations precluded either honoring the ordered schedule, or timely seeking its alteration.

The Plaintiff provides no legal support for her extraordinary request, relying only on "[t]he equitable powers of this court" and "[t]he interest of justice and the record herein." Plaintiff's Points and Authorities. But just those considerations compel a rejection of the Plaintiff's knowing and unexcused disregard of the Court's authority and processes.

In the usual case – where, for example, there is some reasonable excuse for failing to meet a filing deadline, and the matter is brought to the Court's attention in a reasonably prompt fashion – the Defendants would not object to granting appropriate relief. But here, the failure(s) were knowing, the lapsed period of time is extremely lengthy, no coherent excuse for the failings has been presented, and a grant of the relief sought by the Plaintiff would defy the integrity of the Court's authority and processes.[1] Indeed, the circumstances here warrant not only a grant of the Defendants' motion to concede, but the imposition of sanctions and/or a referral to Bar counsel as well.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

---

[1] The Response's gratuitous assertion "[t]hat no party would be prejudiced by the relief requested" is patently meritless. Setting aside the "prejudice" to the Court's own control of its proceedings, the Defendants would indeed be prejudiced, given the passage of time, the likely changed circumstances of the student (necessitating potentially different arguments, possibly of mootness), and the burdensomeness of further briefing.

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6614

Email: Eden.Miller@dc.gov

February 13, 2008