UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WANDA RICHARDSON,<br>Mother and Next Friend of W.R., a minor,<br><br>   Plaintiff,<br><br>     v.<br><br>DISTRICT OF COLUMBIA, *et al.*<br><br>   Defendants. | Civil Action No. 06-2121 (CKK) |

**ORDER**
(February 14, 2008)

Plaintiff Wanda Richardson, on behalf of her minor son, W.R., brought this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et. seq.*, against Defendant, the District of Columbia. On April 24, 2007, the Court issued a briefing schedule for the Parties to file Cross-Motions for Summary Judgment. Defendant filed a [8] Motion for Summary Judgment on July 12, 2008. Plaintiff thereafter failed to file a Cross-Motion for Summary Judgment or an Opposition to Defendant's Motion. On January 25, 2008, Defendant filed a [10] Motion to treat its Motion for Summary Judgment as conceded. Plaintiff responded on February 7, 2008, asking the Court not to grant Defendant's Motion as conceded. On February 12, 2008, Plaintiff filed a [13] Motion to Extend Time to file an Opposition to Defendant's Motion and to file a Cross-Motion for Summary Judgment.

Plaintiff does not argue that she was unaware of the briefing schedule issued by the Court. On the contrary, Plaintiff indicates that she simply ignored the schedule because she thought the issues raised in her Complaint would be resolved through other means. *See* Pl.'s Resp. at 2 ("Plaintiff's counsel did not file its [sic] motion for summary judgment or opposition to

defendant's motion because of developments after the entry of the scheduling order"). Plaintiff failed to bring any "developments" to the attention of the Court or to Defendant in the more than six months that elapsed since her submissions were due. Moreover, Plaintiff provides no indication that she would ever have filed anything with the Court had Defendant not filed its Motion to treat its Motion for Summary Judgment as conceded. The Court finds that Plaintiff has failed to present any reason, including excusable neglect or inadvertence, that would suggest anything other than a knowing violation of Local Rule of Civil Procedure 7(b) (requiring a party to oppose a motion "within 11 days of the date of service or at such other time as the Court may direct").

Although Plaintiff curtly argues that no prejudice would result from her filing a Motion or an Opposition more than six months late, the Court finds that argument both disingenuous and meritless. Plaintiff's failure to follow the briefing schedule issued by the Court disrupts the Court's control over its docket and reduces judicial economies. Plaintiff's failure also prejudices the Defendant who is now forced to brief issues and allocate resources more than six months later than initially anticipated.

Nevertheless, unlike Motions to Dismiss which may result in dismissals without prejudice, the Court is mindful that the judicial system favors deciding dispositive motions on the merits whenever possible. *See In re Miller*, 2004 U.S. App. LEXIS 8943 at *2 (D.C. Cir. 2004) (discussing the balance between a district court's desire to manage its docket with the desire to reach adjudications on the merits). For this reason, the Court shall deny [10] Defendant's Motion to treat its Motion for Summary Judgment as conceded, and allow Plaintiff to file an Opposition to Defendant's [8] Motion for Summary Judgment. The Court shall *not*, however,

allow Plaintiff to file her own Motion for Summary Judgment more than six months past the date by which it was due. To that end, although Plaintiff has alluded to "developments" occurring after she filed her Complaint, the Court will not allow Plaintiff to unjustifiably transform this case into a dispute about any events other than those described in her Complaint. Plaintiff shall therefore confine her Opposition to only those issues raised in Defendant's [8] Motion, and those events occurring prior to the filing of her Complaint.

The Court notes that it is unclear whether Counts II and III of Plaintiff's Complaint are intended to provide separate grounds for relief that are unrelated to the arguments made in Defendant's [8] Motion for Summary Judgment. Plaintiff's Opposition shall specify whether this is the case, and if necessary, clarify those Counts to enable Defendant to file an appropriate response.

Accordingly, it is, this 14th day of February, 2008, hereby

**ORDERED** that Defendant's [10] Motion to treat its Motion for Summary Judgment as conceded is DENIED; it is further

**ORDERED** that Plaintiff's [13] Motion for an extension of time is GRANTED IN PART and DENIED IN PART; it is further

**ORDERED** that Plaintiff may file an Opposition to Defendant's [8] Motion for Summary Judgment on or before February 21, 2008, confining its arguments to the issues raised in Defendant's Motion and the events occurring prior to the filing of Plaintiff's Complaint. Plaintiff's Opposition shall also specify whether Counts II and III of her Complaint are intended to provide separate grounds for relief that are unrelated to the arguments made in Defendant's [8] Motion for Summary Judgment, and if necessary, clarify those Counts to enable Defendant to file

an appropriate response; it is further

**ORDERED** that Defendant may file a Reply on or before March 4, 2008.

**SO ORDERED.**


Date:   February 14, 2008

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge
