UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WANDA RICHARDSON,<br>Mother and Next Friend of W.R., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation, *et al.,*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-2121 (CKK)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Defendants, through counsel, respectfully reply to the Plaintiff's February 22, 2008, Opposition to the Defendants' Motion for Summary Judgment ("Plaintiff's Opposition").[1]

**PRELIMINARY STATEMENT**

The Defendants' Motion for Summary Judgment and accompanying memorandum ("Defendants' Motion"), filed on July 12, 2007, demonstrated that this Court should dismiss the Plaintiff's Complaint because the subject September 14, 2006, hearing officer's decision ("HOD") was consistent with the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq*. ("IDEIA") and should not be overturned. The Hearing Officer properly found that the District of Columbia

---

[1] Although the Plaintiff's filing is structured as a motion for summary judgment, this Court expressly held on February 14, 2008, that the Plaintiff could not file a motion for summary judgment, but permitted her to file an opposition to the District's Motion for Summary Judgment. On February 25, 2008, this Court reiterated her mandate and construed the filing to be an opposition. Accordingly, the Defendant here replies only to those portions of the Plaintiff's filing directly responsive to the presentations in the Defendants' Motion for Summary Judgment.

1

Public Schools ("DCPS") did not deny W.R. a free appropriate public education ("FAPE") when it determined that W.R. was not eligible to receive special education and related services at the time of the meeting, and given the Hearing Officer's finding that DCPS complied with the IDEIA when it determined that it required information from W.R.'s treating psychiatrist before classifying W.R. as Emotionally Disturbed ("ED").

In her Opposition, the Plaintiff argues that the HOD should be overturned because DCPS did not comply with the IDEIA and because the Hearing Officer erred. Plaintiff's Opposition, at 1, 13.

The Defendants respond to the Plaintiff's arguments below and here incorporate by reference their Motion.

## **ARGUMENT**

As the Defendants demonstrated in their Motion, the subject HOD should be upheld by this Court because the decision was proper, and the Plaintiff simply has not met her burden for overturning the HOD. The HOD was a detailed and reflective consideration of the administrative record, which took into account all of the parties' legal arguments, documentary evidence and witness testimony. The Hearing Officer considered the particular circumstances of W.R., and based his decision on his experience in confronting such educational problems.

Notably, the Plaintiff does not dispute any of the Defendants' material facts (although she does offer commentary).[2] Plaintiff's Opposition, at 17-19. The Plaintiff agrees that there are no genuine issues of material fact, and as such, this case can be determined by dispositive motion. *Id*. at 2.

---

[2] Because the Plaintiff's Statement of Material Facts is an instrument of a summary judgment motion and not an opposition (see Footnote 1 above), the Defendant will not here address the Plaintiff's Statement.

2

Despite the Plaintiff's assertions to the contrary, the Defendants did not argue that the mother was responsible for providing an evaluation of the child. See Plaintiff's Opposition, at 14. Rather, the Defendants simply demonstrated that Hearing Officer was correct when he determined that the parent should provide DCPS with relevant information from the child's current treating psychiatrist, especially given the conflicting information that was before the IEP team. Defendants' Motion, at 9, 12. Even the Plaintiff's own witness, Psychologist Derek Marryshow, conceded that information from W.R.'s provider was important, a fact which did not escape the Hearing Officer. Defendants' Motion, at 10.

In a desperate attempt to convince this Court that the HOD does not deserve deference, the Plaintiff challenges the Hearing Officer's specific finding that Social Worker Gloria Everett's testimony was credible. Plaintiff's Motion, at 14-15; HOD, R. at 8. The sole basis for this challenge is the Plaintiff's assertion that Ms. Everett claimed she did not know that the Plaintiff was homeless, but indicated that the Plaintiff was homeless in the Social Work Evaluation Ms. Everett completed in February of 2006. Plaintiff's Motion, at 14-15.

The Plaintiff's representation of the content of that Evaluation is inaccurate at best. In her Evaluation, Ms. Everett states, "[t]he mother spoke of being homeless **in the past** and though **pleased with her current housing**, is looking forward to moving into larger accommodations given the size of her increased family." R. at 109 (emphasis added). Ms. Everett's testimony is consistent with her Evaluation—she had no reason to believe that the Plaintiff was homeless, especially since the information she received from the Plaintiff at the time of the Evaluation was that she had housing. Interestingly,

3

the same address for the Plaintiff is listed on both the Evaluation (R. at 107) and the Plaintiff's June 5, 2006, Due Process Complaint Notice. R. at 139. Thus, the Plaintiff's attempt to discredit the witness fails.

The Plaintiff makes much ado about the consent forms that Ms. Everett mailed to the Plaintiff's home address, apparently to discredit Ms. Everett and to suggest that the Plaintiff did not receive the forms. Plaintiff's Motion, at 15. The Hearing Officer specifically included in his findings of fact that Ms. Everett mailed the consent forms to the Plaintiff at the same address listed on the Plaintiff's Due Process Hearing Notice. HOD, R. at 5-6.

But even assuming *arguendo* that the Plaintiff did not receive the forms, the record leaves no doubt that the Plaintiff—and her education advocate, Annie Pressley—knew that DCPS sought information from her son's treating psychiatrist, and that the Plaintiff did not provide them. *Id.*; Meeting Notes, R. at 127-128; Ms. Pressley's Additional Meeting Notes, R. at 129-130. Both the Plaintiff and Ms. Pressley attended the May 10, 2006, eligibility meeting in which DCPS made one of its requests for information from the student's medical provider. *Id.* Notably, the Plaintiff and her advocate refused to provide the records.[3] *Id.* Again, no extrinsic evidence supports the Plaintiff's allegations that Ms. Everett was not credible, and this Court should defer to the Hearing Officer regarding credibility. *S.H. v. State-Operated Sch. Dist. of the City of Newark*, 336 F.3d 260, 270 (3d Cir. 2003) (quoting *Carlisle Area Sch. v. Scott P.*, 62 F.3d

---

[3] To clarify, DCPS requested existing records from the treating psychiatrist, not a new evaluation. HOD, R. at 6; Meeting Notes, R. at 127-128; Ms. Pressley's Additional Meeting Notes, R. at 129-130. Therefore, the Plaintiff's, and her advocate's, refusal to provide records because the psychiatrist would charge for a *new* evaluation misses the point. Ms. Pressley's Additional Meeting Notes, R. at 129-130. The Defendants share the Hearing Officer's confusion as to why the parent was reluctant to release W.R.'s records. HOD, R. at 8.

520, 527 (3d Cir. 1996), the court "should defer to the hearing officer's findings based on credibility judgments unless the non-testimonial, extrinsic evidence in the record would justify a contrary conclusion or unless the record read in its entirety would compel a contrary conclusion").

The Defendants agree that behavioral problems and failing grades, among other things, may indicate a disability. Plaintiff's Opposition, at 15. And it was just those indicators which led Assumption Catholic School, a nonpublic school in the District of Columbia, to refer W.R. to DCPS for evaluations. HOD, R. at 5. In other words, in the present case, the Child Find requirements of the IDEIA have been met. IDEIA, 20 U.S.C. § 1412(a)(3). Consistent with its duties, DCPS identified, located and evaluated W.R.—as a child with a suspected disability—and made a determination as to his eligibility for special education services. Defendants' Motion, at 7-9. Although DCPS did not find W.R. to be eligible, the IEP team requested information from W.R.'s treating psychiatrist, and agreed to reconvene once DCPS received that information. *Id.* at 9. The Plaintiff's lack of cooperation in this matter alone hindered her opportunity to revisit DCPS' eligibility decision, not any misstep by DCPS. Simply put, and as demonstrated in the Defendants' Motion, DCPS' actions were reasonable and consistent with the law.

The Defendants do not ask this Court to "blindly defer to the hearing officer," as the Plaintiff suggests. Plaintiff's Motion, at 15. Rather, the Defendants ask this Court to defer to the Hearing Officer in light of the thorough and complete analysis he did when he issued his decision. Defendants' Motion, at 12. The Hearing Officer considered the record before him—which consisted of several document exhibits and the testimony of six witnesses—before he determined that DCPS did not violate the IDEIA. *Id.* His

5

decision was reasonable and consistent with the law and the record in this case, and thus, the HOD should be upheld.

## CONCLUSION

The Plaintiff continues to fail to demonstrate why the subject HOD should be overturned. Thus, this Court should grant the Defendants' Motion for Summary Judgment.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        **/s/ Edward P. Taptich**
        EDWARD P. TAPTICH
        Chief, Equity Section 2
        Bar Number 012914

        **/s/ Eden I. Miller**
        EDEN I. MILLER
        Assistant Attorney General
        Bar Number 483802
        441 Fourth Street, N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6614
        (202) 727-3625 (fax)
March 11, 2008        E-mail: Eden.Miller@dc.gov